*I agree. Yet (3) to move for sanctions* — *CMcM*

(2) If the previous Roller Firm produces its billing records by 2/4/2022, the case will be stayed until April 29, 2022, pending settlement discussions.

(3) If Roller fails to produce, if it is ever due on...

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARTHA NIMMER**
*Special Assistant Corporation Counsel*
(917) 499-8632

MEMO ENDORSED

*re delay*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/26/2022

January 24, 2022

1/25/2022
(1) The Roller Firm has until Friday, February 4, 2022 to provide the City with its billing records. The failure to do so will be treated by this court as the equivalent of a violation of an order to compel, which will

VIA ECF
Hon. Colleen McMahon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007

Re: *V.K. v. N.Y.C. Dep't of Educ.*, 21-cv-6855 (CM)(RWL)

Dear Judge McMahon:

I am a Special Assistant Corporation Counsel in the office of Corporation Counsel, Georgia M. Pestana, attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. 1400, et. seq. ("IDEA"), as well as for this action.

I write to respectfully request (1) an order compelling counsel to provide relevant billing records no later than January 31, 2022, (2) that the joint status letter currently due on February 9, 2022 be adjourned *sine die* and (3) that the Court issue a further stay of this action, with a joint status letter due by May 2, 2022, either informing the Court that the matter has been fully resolved or proposing a briefing schedule for a simple fees motion (specifically, not a Rule 56 motion, as liability is not at issue, but rather, the reasonableness of the fees sought). This is the second request for an Order to Compel and To Stay. On November 8, 2021 (ECF No. 13), Your Honor issued a stay, which reflected Defendant's need for billing records to facilitate a settlement with Plaintiff. Despite requests made to Plaintiff's counsel on August 25, September 10, September 30, October 25, November 1 and December 23, 2021, and Plaintiff's promise to

subject counsel to sanctions, including but not limited to DISMISSAL OF the COMPLAINT WITH PREJUDICE. Am I clear?

provide the billing records by November 18, 2021, no billing records have been produced to date, thereby preventing Defendant from initiating the settlement process.

Despite many dozens of requests from this office over the past twelve months, in many similar cases brought by Plaintiff, Counsel continues to fail to provide the records in most of these cases unless and until Defendant seeks orders to compel and to stay, or informs counsel that Defendant is on the verge of so moving. Recently, many judges on the Southern District bench, have ordered the Roller Firm to provide billing records to this office, and have also imposed 90-day stays to enable Defendant to prepare the cases for settlement negotiations. *See* Order dated December 3, 2021 in *L.W. v. N.Y.C. Dep't of Educ.*, 21-cv-6857 (PAC)(RWL) (ECF No. 9); Order dated May 19, 2021 in *K.R. v. N.Y.C. Dep't of Educ.*, 21-cv-2299 (JPC)(SN) (ECF No. 11); Order dated May 20, 2021 in *P.F. v. N.Y.C. Dep't of Educ.*, 20-cv-10513 (JPC)(BCM) (ECF No. 16); and *J.W. obo M.W. v. N.Y.C. Dep't of Educ.*, 21-cv-2300 (GHW)(KNF) (ECF No. 12). Indeed, there is now a substantial collection of Orders issued by judges of this District staying these cases and compelling the Roller Firm to produce "contemporaneous" billing records to Defendant so that these matters can be settled.[1]

By way of background, the overwhelming majority of fee claims following IDEA administrative proceedings are resolved amicably between plaintiff's counsel and the DOE, without the need for federal action. The small portion of fee claims (less than 10% of those presented to the DOE) that do not resolve through settlement with the DOE, once a federal action is filed, are routinely settled without further litigation following negotiations between plaintiff's counsel and the New York City Law Department (with final approval by the New York City Comptroller). A small fraction of the federal filings do not settle and go to motion practice. This case as well as many others filed by the Roller Firm is an outlier. Additionally, the Roller Firm typically—and inexplicably—waits until the very last day of the three-year statute of limitations to file the federal claim.

We do not understand Plaintiff's delay. The records at issue are required to be prepared *contemporaneously* with the work that Plaintiff's counsel performs related to this and the

---

[1] Judge Failla noted Ms. Roller's *modus operandi* of unresponsiveness, and issued an order to compel production of billing records in another IDEA fees-only case brought by the Roller firm:

> The Court has been waiting to see if Plaintiff would file any sort of response to Defendant's letter. However, given that any such response would have been due yesterday, and given the Court's familiarity with Ms. Roller's *modus operandi*, the Court will GRANT Defendant's requests. This action is hereby STAYED through December 25, 2020.

*See A.K. v. NYC Dep't of Educ.*, 21-cv-4428 (KPF)(DCF)(ECF 14); *G.S. obo D.S. v. NYC Dep't of Educ.*, 20 cv-10729 (GHW)(DCF) (ECF No. 15); *J.K. et. al. v. NYC Dep't of Educ.*, 20-cv-10514 (JPC)(SN)(ECF No. 8); *J.S. v. N.Y.C. Dep't of Educ.*, 20-dv-2105 (PAE)(JLC) (ECF No. 10); *F.S. v. NYC Dep't of Educ.*, 20-cv-4538 (KPF)(OTW)(ECF No. 9); *J.J. v. NYC Dep't of Educ.*, 20-cv-05214 (JGK)(SDA)(ECF No. 7); *M.D. v. NYC. Dep't of Educ.*, 20-cv-00694 (CM)(DCF)(ECF No. 14); *H.D. v. NYC Dep't of Educ.*, 20 cv-2238 (KPF)(GWG) (ECF No. 14); *I.O. v. NYC Dep't of Educ.*, 20-cv-5061(PAC)(SN)(ECF No. 6).

underlying administrative proceeding. On September 11, 2020, Judge Woods voiced concern over a delay similar to the one at issue here:

"As a brief aside for counsel for plaintiff [Ms. Roller], if you are running these cases, the underlying hearings, if you're keeping *contemporaneous* time records as you go while litigating the case, the process of presenting the records shouldn't be much more than pressing "print". What's the impediment here? The obligation is to create and maintain contemporaneous time records, which would be what you would be presenting to the Court. *I expect, if you were to be litigating this in front of me, you would not be recreating your time records or reconstructing them. Instead, you would be printing out the contemporaneous time records, meaning records that you had made at the time of the representation.* So it's not really clear to me why it would be that there is a time lag involved in the presentation of these records if indeed you are, as you are supposed to when you present motions to the Court, presenting contemporaneous time records." *See* Judge Woods in *S. T. v. N.Y.C. Dep't of Educ.*, 20-cv-3816 (GHW)(RWL)(emphasis added).

Defendant believes that if attorney billing records are provided by January 31, 2022, the parties have a very high likelihood of fully resolving this matter within 90 days. Indeed, this office has resolved all but one of the many dozens of cases seeking solely IDEA fees brought by the Roller Firm, without any motion practice. Therefore, Defendant respectfully requests (1) an order compelling counsel to provide relevant billing records no later than January 31, 2022, (2) that the joint status letter currently due on February 9, 2022 be adjourned *sine die* and (3) that the Court issue a further stay of this action, with a joint status letter due by May 2, 2022, either informing the Court that the matter has been fully resolved or proposing a briefing schedule for a simple fees motion.

Thank you for considering these requests.

Respectfully submitted,

/s/
Martha Nimmer, Esq.
Special Assistant Corporation Counsel

cc: Irina Roller, Esq. (via ECF)